**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

MIDSTREAM TRANSPORTATION
CO, ET AL.

VERSUS

INTERSTATE DIESEL LLC, ET AL.

CIVIL ACTION NO. 6:23-0063

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE AYO

**MEMORANDUM ORDER**

Before the Court is a Motion in Limine filed by Plaintiffs Midstream Transportation Company ("Midstream") and Hartford Fire Insurance Company ("Hartford") (collectively, "Plaintiffs"). See Record Document 42. Specifically, Plaintiffs move this Court for an order prohibiting Defendants Interstate Diesel LLC ("Interstate") and Colony Insurance Co ("Colony") (collectively, "Defendants") from: (1) arguing Plaintiffs bear any fault relating to the theft of Midstream's tractor and (2) arguing Defendants' fault should be reduced by the fault of the third-party thieves. See id. Defendants opposed the Motion. See Record Document 43. Plaintiffs replied. See Record Document 46. For the reasons set forth below, Plaintiffs' Motion in Limine (Record Document 42) is **DENIED**.

This case arises out of the theft of Midstream's 2013 Peterbilt 389 tractor ("the tractor") from Interstate's repair shop located in Rayne, Louisiana. A detailed recitation of the facts can be found in this Court's previous Memorandum Ruling. See Record Document 47. In the instant Motion, Plaintiffs first argue Defendants should be prohibited from arguing Plaintiffs bear any fault relating to the theft of Midstream's tractor. See Record Document 42-1 at 4. Plaintiffs assert that there is no evidence to suggest that Midstream knew or should have known it needed to pick up its tractor in less than 24

hours from the time of making payment because there was risk of it being stolen. See id. Furthermore, Plaintiffs contend there is no evidence suggesting there was anything Midstream could have done to prevent this loss. See id. Second, Plaintiffs argue Defendants' fault should not be reduced by the fault of the third-party thieves. See id. at 5. Plaintiffs submit that to allow such would render deposit law useless and result in undue prejudice to Plaintiffs by unfairly limiting their recovery. See id. at 6.

Defendants oppose, asserting that the issue of fault is a question of fact for the jury, as required by Louisiana Civil Code Article 2323. See Record Document 43. Defendants point to their course of prior business dealings with Plaintiffs to support their argument. See id. at 9. Defendants state there had never been a problem before this incident, and Midstream was aware of the situation when the tractor was given to Interstate for repairs. See id. With respect to Plaintiffs' second argument in its Motion, Defendants cite to Tisdale v. Hendrick, 2022-01072 (La. 03/17/23), 359 So. 3d 484. See id. at 7. Defendants submit Tisdale stands for the following proposition: "In instances where an intentional actor causes harm and there is a party who is held liable for only simple negligence, it can reasonably be assumed, from the text of Tisdale, that the intentional actor would be allocated more than 50%." See id. at 8.

Plaintiffs reply, reiterating there are no facts that support a finding of fault on Plaintiffs. See Record Document 46 at 1. Additionally, Plaintiffs assert that Tisdale is not applicable to the instant case. See id. at 4–5.

Louisiana Civil Code Article 2323 governs comparative fault. Paragraph (A) provides that "the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party

to the action or a nonparty…." LA. CIV. CODE art. 2323(A). Under the Court's interpretation of this article, Plaintiffs are not excluded from being included in the allocation of fault. <u>See Billeaudeau v. Opelousas Gen. Hosp. Auth.</u>, 2017-895 (La. App. 3 Cir. 04/18/18), 316 So. 3d 1040, 1045 ("While the comparative fault system in Louisiana requires the assignment of percentages of fault to each individual person, firm, or entity, including the plaintiff, that may have played a role in causing the harm complained of…."). Plaintiffs have not submitted sufficient evidence demonstrating they should be prohibited or are prejudiced from being included in the allocation of fault; therefore, the issue of whether Plaintiffs should be assessed any liability is a relevant question left to the jury. At this stage of the proceeding, it is premature and improper for the Court to apply the principles of comparative fault to Plaintiffs before arguments as to liability are made at trial. <u>See Scott v. Am. Tobacco Co., Inc.</u>, 2002-2449 (La. 11/15/02), 830 So. 2d 294, 295. Therefore, Plaintiffs' Motion is **DENIED** with respect to the first argument.

With respect to Plaintiffs' second argument, several Louisiana courts have held that both the negligent tortfeasor and intentional tortfeasor should be included in the allocation of fault.[1] <u>See Goldstein v. Chateau Orleans, Inc.</u>, 2020-0401 (La. App. 4 Cir. 11/12/21), 331 So. 3d 1027; <u>Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism</u>, 2002-0563 (La. 10/15/02), 828 So. 3d 530, 537. Louisiana Civil Code Article 2323 applies to anyone who has caused or contributed to the injury, death, or loss, including unknown

---

[1] Prior to the 1996 revision of Louisiana Civil Code article 2323, the Louisiana Supreme Court in <u>Veazey v. Elmwood Plantation Assocs., Ltd.</u>, 93-2818 (La. 11/30/94), 650 So. 2d 712, 720, held that a balancing test should be applied to decide whether it is appropriate to allocate fault to both the intentional and negligent tortfeasors. The Court held only the negligent tortfeasor should be allocated fault. <u>Id.</u> This Court notes that in 1998, the United States District Court for the Eastern District of Louisiana upheld the Louisiana Supreme Court's ruling in <u>Veazey</u>. <u>See McAvey v. Lee</u>, 58 F. Supp. 2d 724 (E.D. La. 1998). However, since 1998, many Louisiana courts have applied the revised code article to supersede <u>Veazey</u> and its progeny. Thus, this Court chooses to follow the interpretation of the 1996 revision and more recent jurisprudence.

nonparties. LA. CIV. CODE art. 2323(A). Paragraph (A) applies "to any claim for recovery of damages for injury, death, or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability. LA. CIV. CODE art. 2323(B). This Court, along with other Louisiana courts, interprets paragraph (B) to stand for the inclusion of both negligent and intentional tortfeasors in the allocation of fault. See Turner v. Shop Rite, Inc., 2014-315 (La. App. 3 Cir. 10/01/14), 149 So. 3d 427, 429. Additionally, comparative fault extends to the law of deposit because it applies to "any law or legal doctrine or theory of liability." LA. CIV. CODE art. 2323(B).

Plaintiffs' policy argument expresses the concern that allocating fault to the unidentified intentional tortfeasors will render the law of deposit useless. See Record Document 42-1 at 6. The district court in McAvey dealt with a similar policy issue. 58 F. Supp. 2d at 728. The issue presented asked, "whether the conduct of the intentional tortfeasor is within the ambit of protection encompassed by the duty owned by the negligent tortfeasor." Id. If so, the intentional tortfeasor should not be included in the allocation of fault. Id. If not, both the intentional tortfeasor and negligent tortfeasor should be included in the allocation of fault. Id. The Court specifically rejects Plaintiffs' "policy argument" in the instant case. The Court notes the date of the McAvey decision and finds that the recent and more prominent interpretation of Article 2323 governs. Therefore, Plaintiffs' Motion is **DENIED** with respect to the second argument.

**CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that Plaintiffs' Motion in Limine (Record Document 42) is hereby **DENIED**.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 9th day of January, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE